UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.:

JESUS GONZALEZ

    Plaintiff,

v.

VALSAN OF KENDALL, INC, SABINA 40 ST, LLC,
and WEST SUNSET SQUARE MEMBERS, LLC.

    Defendants.

_____/

## COMPLAINT FOR INJUNCTIVE RELIEF

Plaintiff, Jesus Gonzalez, by and through the undersigned counsel, hereby sues Defendants, Valsan of Kendall, Inc., Sabina 40 St, LLC, and West Sunset Square Members, LLC, for injunctive relief pursuant to 42 U.S.C. §§12181-12189 of the Americans with Disabilities Act ("ADA") and 28 C.F.R. Part 36 and alleges:

1. This is an action for declaratory and injunctive relief pursuant to Title III of the Americans with Disabilities Act ("ADA") 42 U.S.C. §§12181-12189. This Court is vested with original jurisdiction under 28 U.S.C. §1331.

2. Venue is proper in the Court, pursuant to 28 U.S.C. §1391(b) in that all events giving rise to this lawsuit occurred within the Southern District of Florida and the subject premises is located within the jurisdiction of this Court.

3. Plaintiff, Jesus Gonzalez ("Plaintiff") is an individual with disabilities as defined by the ADA, and a resident of Miami-Dade County, Florida, and otherwise *sui juris*.

4. Plaintiff is also an advocate of the rights of similarly situated disabled persons, and a "tester" for the purpose of asserting his civil right, and to determine whether public accommodations are in compliance with the ADA/ADAAG.

5. Defendants are authorized to conduct and conduct business within the State of Florida and within the jurisdiction of this court.

## PARTIES

6. Plaintiff, Jesus Gonzalez ("Plaintiff") is a resident of the state of Florida. Plaintiff has a "qualified disability" under the ADA as he is disabled with neuropathy and nerve damage due to radiation and utilizes a wheelchair for mobility. Plaintiff's disability is defined in 42 U.S.C. §12102(1)(A)(2), 28 C.F.R. §36.105(b)(2) and 28 C.F.R. §36.105(2)(iii)(D). Plaintiff is also a "tester" to determine whether public accommodations are in compliance with the ADA/ADAAG.

7. Defendant, Valsan of Kendall, Inc, is a Florida for-profit Corporation, which upon information and belief owns and operates the store Valsan of Kendall, located within this district at, 15725 SW 72nd Street, Miami, Florida 33193, which is open to the general public and therefore a place of public accommodation, and the subject to this action.

8. Defendant, Sabina 40 St, LLC, is a Florida Limited Liability Company, that upon information and belief owns and operates the commercial real property identified as Folio: 30-4929-034-0010, which is built out as a shopping center with post address of 15725 SW 72nd Street, Miami, Florida 33193, and referred hereto as "Sabina 40 St",

9. Defendant, West Sunset Square Members, LLC, is a Florida Limited Liability Company, that upon information and belief owns and operates the commercial real property

identified as Folio: 30-4929-034-0010, which is built out as a shopping center with post address of 15725 SW 72nd Street, Miami, Florida 33193, and referred hereto as "West Sunset Square."

## FACTS

10. Defendant, Valsan of Kendall, Inc, is the owner and operator of the store Valsan of Kendall, located at 15725 SW 72nd Street, Miami, Florida 33193, and open to the general public. As such, a Place of Public Accommodation subject to the requirements of Title III of the ADA and it's implementing regulation as defined by 42 U.S.C. §12181(7)(B), §12182, and 28 C.F.R. §36.104(2). Defendant is also referred hereto as "Valsan of Kendall" or "Operator".

11. Defendants, Sabina 40 St, LLC, and West Sunset Square Members, LLC, are co-owner of the commercial real property, leased to Defendant, "Valsan of Kendall", who in turn has operated (and continues to operate) its store within that leased space. As the owners of commercial property, which is built out and utilized as store, an establishment that provides goods/services to the general public, Defendants, "Sabina 40 St" and "West Sunset Square", are also defined as a "Public Accommodation" within meaning of Title III; 42 U.S.C. §12182, §12181(7) and 28 C.F.R. §36.104. Defendants collectively are also referred hereto as "Owners".

12. As the owner/operator of a store, which is open to the public, Defendant, Valsan of Kendall, Inc, is defined as a "Public Accommodation" within meaning of Title III because it is a private entity which owns, or operates a store; 42 U.S.C. §12182, §12181(7)(E) & (F) and 28 C.F.R. §36.104(5) & (6).

13. On October 26, 2023, Plaintiff personally visited the "Valsan of Kendall", to inquire and/or use of their services, and to test for compliance with the ADA/ADAAG, but because he perambulates with the assistance of a wheelchair, Plaintiff was denied full and equal access, and enjoyment of the facilities, services, goods, and amenities, because of the architectural barriers met at the Subject Property

14. Based on the access impediments Plaintiff encountered, Plaintiff has been denied full and equal access by the operator Defendant, "Valsan of Kendall", and by the owners of the commercial property, Defendants, "Sabina 40 St" and "West Sunset Square", which house the store "Valsan of Kendall".

15. As the owner and operator of "Valsan of Kendall". Defendant, "Valsan of Kendall", and the need to provide equal access to all areas of its facilities. Therefore, its failure to reasonably accommodate mobility impaired and disabled patrons by ensuring that its facility is fully accessible is/was willful, malicious, and oppressive and in complete disregard for the Civil Rights of the Plaintiff and in violation of 28 C.F.R. §36.302.

16. As the owners of commercial property which built out and utilized as store an establishment that provides goods/services to the general public, Defendants, "Sabina 40 St" and "West Sunset Square", are also defined as a "Public Accommodation" within meaning of Title III; 42 U.S.C. §12182, §12181(7) and 28 C.F.R. §36.104.

17. As the owners of commercial property, which is built as public accommodation, Defendants, "Sabina 40 St" and "West Sunset Square", are aware of the ADA and the need to provide for equal access in all areas of its commercial property which are open to the public. Failure to reasonably accommodate mobility impaired and disabled

patrons by ensuring that its property is fully accessible is/was willful, malicious, and oppressive and in complete disregard for the Civil Rights of the Plaintiff and in violation of 28 C.F.R. §36.302.

18. As a result of the joint and several discriminations by Defendants, Plaintiff has suffered loss of dignity, mental anguish and other tangible injuries and has suffered an injury-in-fact.

19. Plaintiff continues to desire to patronize and/or test the store operated by "Valsan of Kendall" and located at the commercial property owned by "Sabina 40 St" and "West Sunset Square", but continues to be injured, in that he continues to be discriminated against due to the barriers to access within that restaurant which are in violation of the ADA.

20. Any and all requisite notice has been provided.

21. Plaintiff has been obligated to retain the civil rights law office of J. Courtney Cunningham, PLLC and has agreed to pay a reasonable fee for services in the prosecution of this cause, including costs and expenses incurred. Plaintiff is entitled to recover those attorney's fees, costs and expenses from Defendants pursuant to 42 U.S.C. §12205.

## COUNT I – VIOLATIONS OF TITLE III OF THE ADA

22. The ADA was enacted and effective as of July 26, 1990, and ADA legislation has been protecting disabled persons from discrimination due to disabilities since that time. Over 30 years have passed since enactment of the ADA, public accommodations and places of public accommodation have had adequate time for compliance.

23. Congress explicitly stated that the purpose of the ADA was to:

(i) provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities;

(ii) provide clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities; and,

(iii) invoke the sweep of congressional authority, including the power to enforce the fourteenth amendment and to regulate commerce, in order to address the major areas of discrimination faced on a daily by people with disabilities.
42 U.S.C. §12101(b)(1)(2) and (4).

24. Prior to the filing of this lawsuit, Plaintiff personally visited the "Valsan of Kendall" store with the intention to use of their services, and/or test the public accommodation for compliance with the ADA/ADAAG; however, Plaintiff was denied adequate accommodation because, as a disabled individual who utilizes a wheelchair for mobility, Plaintiff met barriers to access. Therefore, Plaintiff has suffered an injury in fact.

25. Defendant, Valsan of Kendall, and Defendants, "Sabina 40 St" and "West Sunset Square", have discriminated (and continue to discriminate) against Plaintiff by denying full and equal access to, and full and equal enjoyment of, goods, services, facilities, privileges, advantages and accommodations at the Subject Property in derogation of 42 U.S.C. §12101 *et seq.* and as prohibited by 42 U.S.C. §12182 *et seq.,* by failing to remove barriers to access pursuant to 42 U.S.C. §12182(b)(2)(a)(iv), where such removal is readily achievable.

26. Plaintiff has been unable to, and continues to be unable to, enjoy full and equal safe access to, and the benefits of, all the accommodations and services offered at the store "Valsan of Kendall".

27. Defendants are jointly and singularly governed by the ADA and must comply therewith. However, Defendants have discriminated against disabled patrons in derogation of 28 C.F.R. Part 36.

28. Pursuant to the mandates of 42 U.S.C. §12134(a), on July 26, 1991 (as amended), the Department of Justice, Office of the Attorney General, promulgated Federal Regulations to implement the requirements of the ADA, known as the Americans with Disabilities Act Accessibility Guidelines (hereinafter "ADAAG"), 28 C.F.R. Part 36, under which said Department may obtain civil penalties of up to $75,000 for the first violation and $150,000 for any subsequent violation.

29. Defendants, "Sabina 40 St" and "West Sunset Square", the commercial property, which houses Defendant, "Valsan of Kendall", is in violation of 42 U.S.C. §12181 *et seq.,* the ADA and 28 C.F.R. §36.302 *et seq.,* and all Defendants, Defendant, "Valsan of Kendall" (operator) and Defendants, "Sabina 40 St" and "West Sunset Square" (owners of the commercial property) (jointly and severally), are discriminating against the Plaintiff as a result of *inter alia*, the following specific violations:

**Men's Accessible Restroom**

    i.    There are permanently designated interior spaces without proper signage location, signage is mounted on the door leaf without braille or raised characters violating Section 4.1.3(16) and 4.30 of the ADAAG and Sections 216.2 and 703 of the 2010 ADA Standards, whose resolution is readily achievable.

    ii.    The plaintiff had difficulty opening the door without assistance, as it does not have the required door pressure. Violation: Door has a non-compliant opening force. Section 4.13.11 of the ADAAG and 404.2.9 of the 2010 ADA Standards, whose resolution is readily achievable.

    iii.    The plaintiff had difficulty opening the door, as the drinking fountain is encroaching the maneuvering clearance on the door. Violation: Drinking fountain

        encroaches over the required maneuvering clearance on the pull side of the door. Sections 4.13.6 of the ADAAG, Sections 404.2.4 of the 2010 ADA Standards and section 28 CFR 36.211, whose resolution is readily achievable.

iv. The plaintiff could not transfer to the toilet without assistance, as the required clear floor space was not provided due to encroaching item (Trash can). Violation: The trash bin is encroaching over the accessible water closet clear floor space. Section 4.16.2 of the ADAAG and Sections 604.3.1 of the 2010 ADA Standards, whose resolution is readily achievable.

v. The plaintiff could not transfer to the toilet without assistance, as the rear wall grab bar does not have the required clearance. Violation: The toilet water tank is mounted under the rear wall grab bar not providing the required clearance. Section 4.26.2 of the ADAAG and Section 609.3 of the 2010 ADA Standards, whose resolution is readily achievable.

vi. The plaintiff could not use the lavatory without assistance, as does not provide knee clearance. Violation: Lavatory does not provide the required knee clearance above the finished floor to bottom leading edge of fixture at 8" horizontal projection. Section 4.19.2 of the ADAAG and Section 606.2 of the 2010 ADA Standards, whose resolution is readily achievable.

vii. The plaintiff was exposed to a cutting/burning hazard because the lavatory pipes are not wrapped. Violation: The lavatory bottom supply and/or drainpipes are not fully wrapped or maintained due to the lack of maintenance violating Section 4.19.4 of the ADAAG and Section 606.5 of the 2010 ADA Standards, whose resolution is readily achievable.

viii. The plaintiff had difficulty to use the mirror, as it is mounted too high. Violation: The mirror provided in the restroom is in violation of the requirements in Section 4.19.6 of the ADAAG and Section 603.3 of the 2010 ADA Standards, whose resolution is readily achievable.

    **WHEREFORE,** Plaintiff, Jesus Gonzalez hereby demands judgment against Defendant, Valsan of Kendall, Inc, (lessee of the commercial property and operator of the store Valsan of Kendall, located therein) and Defendants, Sabina 40 St, LLC, and West Sunset Square Members, LLC, (owners of the commercial property) and requests the following injunctive and declaratory relief: The Court declare that Defendants have violated the ADA;

Gonzalez v. Valsan of Kendall
Complaint for Injunctive Relive

a) The Court enter an Order directing Defendants to evaluate and neutralize their policies, practices and procedures toward persons with disabilities,

b) The Court enter an Order requiring Defendants to alter the commercial property and the establishment located therein such that it becomes accessible to and usable by individuals with disabilities to the full extent required by the Title III of the ADA;

d) The Court award reasonable costs and attorney's fees; and

e) The Court award any and all other relief that may be necessary and appropriate.

Respectfully submitted this November 29, 2023.

By: */s/ J. Courtney Cunningham*
J. Courtney Cunningham, Esq.
FBN: 628166
J. COURTNEY CUNNINGHAM, PLLC
8950 SW 74th Court, Suite 2201
Miami, Florida 33156
Telephone: 305-351-2014
cc@cunninghampllc.com
legal@cunninghampllc.com

*Counsel for Plaintiff*